**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HATIM B., *et al.* | |
| Plaintiffs, | |
| v. | Civil Action No. 1:17-cv-1976-RC |
| KIRSTJEN NIELSEN, Secretary of Homeland Security, *et al.*, | |
| Defendants. | |

**DEFENDANTS' CORRECTED MOTION TO**
**HOLD IN ABEYANCE BRIEFING ON PRELIMINARY INJUNCTION,**
**OR IN THE ALTERNATIVE,**
**FOR AN EXTENSION OF TIME TO FILE A RESPONSE**

Defendants, by and through undersigned counsel, respectfully move the Court to hold briefing in abeyance, or in the alternative, extend the deadline for Defendants to respond to Plaintiffs' Motion for Preliminary Injunction (ECF No. 54) until seven (7) days after this Court rules on this Motion.[1]

The sole relief Plaintiffs' Motion for Preliminary Injunction seeks is release from federal custody through a new parole determination by Defendants. *See* Motion for Preliminary Injunction at 2; Memorandum of Points and Authorities in Support at 3, 14 (ECF No. 54-1, "Memorandum in Support"). That is, the entire premise of Plaintiffs' motion is that their ongoing detention is unlawful and therefore causes them irreparable harm. Memorandum in Support at 2.

---

[1] The original Motion filed by Defendants misstated the alternative relief. This Corrected Motion requests as alternative relief that Defendants have the seven days to respond to Plaintiffs' Motion for Preliminary Injunction allowed for in Local Rule 65.1(c). A corrected proposed order is also attached.

Although Plaintiffs' do not label their motion nor the Second Amended Complaint (ECF No. 56) as such, they are clearly asking this Court to adjudicate what is in fact a habeas petition pursuant to 28 U.S.C. § 2241. The forum Plaintiffs have chosen, however, is neither where they are confined, nor where their immediate custodians are to be found. The relief cannot be granted by this Court.

Accordingly the Court should hold briefing in abeyance on the Motion for Preliminary Injunction until the Court adjudicates the pending Motion to Transfer Venue.

Should Plaintiffs believe immediate relief is appropriate, they may, of course, file a habeas petition and motion for preliminary relief in the venue in which the custodian for each one is found—the Southern and Western Districts of Texas. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973) ("'The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer.'" (quoting *In the Matter of Jackson*, 15 Mich. 417, 439-40 (1867))); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988) (*en banc*) (concluding that a federal prisoner's challenge to a parole eligibility date determined by federal officials sounds in habeas, and must be brought in the district where the custodian is subject to personal jurisdiction). *Cf.*, *Young v. Dir., U. S. Bureau of Prisons*, 367 F.2d 331, 332 (D.C. Cir. 1966) (holding that a motion to transfer is appropriate if it "will discourage duplicitous litigation and relieve the courts of this jurisdiction from the unnecessarily onerous task of deciding cases brought by a prisoner incarcerated far away from Washington, D.C., and based on events alleged to have taken place in distant parts of the country.")

## PROCEDURAL BACKGROUND

On January 29, 2018, the Court directed the parties to file supplemental briefing on or before February 12, 2018, "addressing the limited question of what effect, if any, the amended complaint has on the pending Motion to Transfer Venue (ECF No. 38)." Order Issued January 29, 2018 (ECF No. 53). Plaintiffs filed the Motion for Preliminary Injunction on February 2, 2018. (ECF No. 54). Local Rule 65.1(c) provides that Defendants' opposition to the Preliminary Injunction is due February 9, 2018. *See* LCvR 65.1(c).

## ARGUMENT

Plaintiffs argue they are suffering irreparable harm because of their ongoing physical detention, and seek relief from this detention. *See* Motion in Support at 3. In Plaintiffs' situation where detention is mandatory – "the alien shall be detained for further consideration of the application for asylum," 8 U.S.C. § 1225(b)(1)(B)(ii) – judicially-directed relief from detention is accomplished by a court enjoining the agency to conduct hearings. *See e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding that while courts do not have jurisdiction to review discretionary decisions of the Attorney General, habeas corpus proceedings remain available to review the extent of the authority); *Munaf v. Geren*, 553 U.S. 674, 702 (2008) (holding that the writ of habeas corpus applies to a U.S. citizen detained by the U.S. government overseas, but that the relief pursuant to the writ does not extend to discretionary decisions by the political branches that pertain to foreign policy issues).

The typical remedy for illegal detention is release, and the function of the writ is to secure the release. *See id. at* 693. Because habeas relief in the immigration context is accomplished by courts directing the agency to conduct new hearings, what Plaintiffs have alleged is quintessentially – and exclusively – a habeas claim. Therefore, although they style

their claim otherwise, the only appropriate forum where Plaintiffs can receive *habeas* relief from the irreparable harm they describe in their Motion is in the district where each Plaintiff is detained – the Southern and Western Districts of Texas. Indeed, those jurisdictions would have exclusive jurisdiction over any such habeas petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition [and this] custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." (citing 28 U.S.C. § 2243)). Briefing and consideration of this Motion ahead of an adjudication of the Motion to Transfer would thus be a waste of judicial resources, and the Court should instead hold Plaintiffs' motion in abeyance pending resolution of the venue motion or, alternatively, deny the Motion for Preliminary Injunction without prejudice and instruct Plaintiffs to file habeas petitions in the appropriate jurisdiction of confinement.

## I.      Plaintiffs Allege Irreparable Harm In Continued Detention

To be entitled to relief pursuant to the extraordinary remedy of a preliminary injunction, Plaintiffs must demonstrate, among other things, that they are "likely to suffer irreparable harm in the absence of preliminary relief…." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The harm identified by Plaintiffs is their ongoing, allegedly prolonged, detention. *See* Memorandum in Support at 7-8 (Defendants have subjected Plaintiffs to "prolonged detention" which violates "due process rights to be free of unjustified detention"; "[t]he right to personal liberty has long been deemed transcendent…"; "[a] person's core liberty interest is also implicated when she is confined in a prison, a mental hospital, or some other form of custodial institution, even if the conditions of confinement are liberal."; "they have been detained for close to a year now."). But it is textbook law that a challenge to prolonged detention may only be raised through habeas, in the district of confinement. *See* 28 U.S.C. 2241; *Padilla*, 542 U.S. at

4

435; *Zadvydas*, 553 at 687; *Davis v. U.S. Sentencing Com'n*, 716 F.3d 660, 666 (2013) (holding that "a federal prisoner need bring his claim in habeas only if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'" (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005))).

Indeed, Plaintiffs' motion itself concedes that their claim sounds in habeas. According to Plaintiffs, "they should promptly have been released in the absence of any serious concerns," Memorandum in Support at 13, but release has not happened because they are being held by "ICE agents [acting] both as *jailor* and judge." *Id.* at 25 n.24 (emphasis added). The appropriate – and exclusive – venue to challenge the *jailor*'s decision to detain is in the forum of confinement. *Padilla*, 542 U.S. at 434.

Plaintiffs request for release from confinement or renewed hearings as to the legality of their detention lie at "the core of habeas." *Wilkinson*, 544 U.S. at 82 (2005); s*ee also Davis,* 716 F.3d at 662. The writ of habeas corpus "contemplates a proceeding against some person who has the immediate custody of the person detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574 (1885). "The plain language of the habeas statue thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443.

If, on the other hand, Plaintiffs are not actually seeking speedier release from detention, but only a re-consideration a discretionary parole determination that is not subject to review in federal court, *see* 8 U.S.C. 1182(d)(5); 1252(a)(2)(B)(ii); *Kiyemba v. Obama*, 555 F.3d 1022, 1026 (2009) ("is not within the province of any court, unless expressly authorized by law, to

5

review the determination of the political branch of the Government to exclude a given alien."

(quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950))), then there is

no plausible basis to allege irreparable harm stemming from their ongoing detention. *See Winter*,

555 U.S. at 22. Indeed, if they are not in fact seeking release, then they are merely seeking to

hasten adjudication of their lawsuit on the merits, which is a textbook impermissible use of the

preliminary injunction device. *See Abdulla v. Obama*, 753 F.3d 193, 199 (D.C. Cir. 2014)

(concluding that plaintiff "has not shown that he will suffer an irreparable injury if the Court

withholds a declaration proscribing indefinite detention. A declaration prohibiting [plaintiff's]

indefinite detention would have no practical effect because the Government plans not to detain

him indefinitely, but [until hostilities conclude].").

## II.     The Relief Requested in This Motion for Preliminary Injunction Can Only Be Granted in the Southern and Western Districts of Texas

The only basis for proceeding with consideration of the Motion for Preliminary

Injunction requesting relief from detention is if the court is of the view that the Motion is a

habeas petition. Because Plaintiffs are detained outside this District, however, this is relief which

this Court cannot provide. Therefore, further briefing on this motion is better suited to occur in

the Southern and Western Districts of Texas.

## CONCLUSION

For the aforementioned reasons, the Court should hold briefing on the Motion for

Preliminary Injunction in abeyance until the Motion for Transfer is adjudicated.

///

Dated: February 6, 2018                          Respectfully submitted,

                                                 CHAD A. READLER
                                                 Acting Assistant Attorney General
                                                 Civil Division

                                                 WILLIAM C. PEACHEY
                                                 Director, Office of Immigration Litigation
                                                 District Court Section

                                                 EREZ REUVENI
                                                 Assistant Director

                                                 SHEETUL S. WALL
                                                 Trial Attorney

                                                 By: */s/ William M. Martin*
                                                 WILLIAM M. MARTIN
                                                 Trial Attorney
                                                 Pennsylvania Bar No. 84612

                                                 U.S. Department of Justice
                                                 Civil Division
                                                 Office of Immigration Litigation
                                                 District Court Section
                                                 P.O. Box 868, Ben Franklin Station
                                                 Washington, DC 20044
                                                 Telephone: (202) 598-2377
                                                 Facsimile: (202) 305-7000
                                                 William.Martin3@usdoj.gov
                                                 *Attorneys for Defendants*

7

**LCvR 7(m) CERTIFICATE**

On February 6, 2018, the undersigned counsel for Defendants notified Plaintiffs' counsel via electronic mail regarding the *Corrected Motion to Hold in Abeyance Briefing on Preliminary Injunction, or in the Alternative, for an Extension of Time to File a Response*. Due to the shortness of time available, however, no position on the alternative relief was communicated. Plaintiffs did indicate that they continue to <u>object</u> to the request for an abeyance.

> /s/ William M. Martin
> WILLIAM M. MARTIN
> Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2018, I electronically filed the foregoing *Corrected Motion to Hold in Abeyance Briefing on Preliminary Injunction, or in the Alternative, for an Extension of Time to File a Response* with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

DATED:  February 6, 2018

By: */s/ William M. Martin*
WILLIAM M. MARTIN
Trial Attorney
United States Department of Justice
Civil Division