**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HATIM B., *et al.* | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:17-cv-1976-RC |
| KIRSTJEN NIELSEN, Secretary of Homeland Security, *et al.*, | |

**Plaintiffs' Opposition to Defendants' Corrected Motion to Hold in Abeyance Briefing on Preliminary Injunction, or in the Alternative, for an Extension of Time to File a Response**

### I.      Introduction

Now come the Plaintiffs in the above entitled and numbered cause and state their opposition to the Defendants' Motion for Abeyance and/or an Extension of Time to File Response.

Defendants once again seek to isolate the issue of venue from the approaching evidentiary hearing on the Plaintiffs' Application for a Preliminary Injunction. Dkt. 54. As Plaintiffs set forth in their earlier Response to Defendants' Motion to Transfer Venue, Dkt. 41, the key considerations are inextricably entwined with the merits of this case. Specifically both decisions turn on the question of Defendants' national policy of heavily weighting immigration deterrence in evaluating the parole requests of the Plaintiffs, who are asylum seekers who lawfully presented themselves at a U.S. Port of Entry.[1] Plaintiffs have accordingly asked for oral argument on the matter of venue to be heard jointly with their Application for a Preliminary

---

[1] None of the Plaintiffs has ever committed a crime, yet all have been subjected to one to two years of detention in prison-like conditions.

1

Injunction. *See* Dkt. 41 at 1, 18.  The court should be provided the most complete evidentiary and legal arguments possible for determining the nature and scope of Defendants' unwritten and unconstitutional policy. Instead, Defendants press to have this key matter decided on the bare pleadings. This is improper.

In the alternative, Defendants seek an extension of time to file their response.

## II.    Delay of the Preliminary Injunction Schedule is Improper

By definition, a Preliminary Injunction is an emergency injunction available to prevent immediate and irreparable harm to a party. Wright, Miller & Cooper, *Federal Practice and Procedure* (2013), §2947 p. 112: "Defined broadly, a preliminary injunction is an injunction that is designed to protect plaintiff from irreparable injury."  Accordingly, Local Rule 65.1(c), requires Defendants to file their opposition within seven days, and a hearing is to be held within 21 days. A temporary restraining order, of course, provides for even more accelerated schedule; the hearing is immediate. (LCvR. 65.1(a) and (b). Given the irreparable harms to Plaintiffs discussed below, Defendants' requested abeyance and/or extension of time is improper.

Plaintiffs filed their Application in the dawn hours of February 2, 2018, making the Defendants' response due on February 9, 2018.  Defendants have long had notice that the Application for Preliminary Injunction would be filed by February 1, 2018. *See* Dkt. 41, filed 1/12/2018, at 1, 18. Again, as the parties conferred about the Joint Status Update and Consent Motion for Leave to File Supplemental Briefs filed with this Court on January 26, 2018, Dkt. 51, the Plaintiffs repeatedly confirmed that they would be filing their Application for preliminary Injunction by Feb.1, 2018.

Plaintiffs are currently suffering from irreparable injury, and will continue to suffer such ongoing injury unless a preliminary injunction is granted, providing them with a fair hearing

before a judge on the issue of their long term detention. Specifically, they have been subjected to long term detention in harsh and prison-like conditions, even though they lawfully presented themselves at U.S. Port of Entry to request asylum. None of them has ever committed a crime. Although eligible for parole, all have been denied pursuant to the Defendants' policy of heavily weighting immigration detention. They have no access to an Immigration Judge to review their detention. As argued in their Memorandum of Points and Authorities in Support of Their Motion for a Preliminary Injunction, Dkt. 54-1, this violates the constitution.

Plaintiffs have set forth the specific harms they suffer in their Application for a Preliminary Injunction. Dkt. 54-1 at 7-12. All are suffering increasing emotional harms. Former Plaintiff Junior M. fell into such despair that he returned to Honduras, where both of his brothers had been murdered by the local cartels.  Plaintiffs are subjected to crowded and unhygienic conditions, and such inadequate medical care that Plaintiff Araceli. R nearly lost her leg and her life. *See* Dkt. 54-1 at 9; Exh. 6 (Decl. of Dr. Griffin); Exh. 12 (Decl. of Dr. Krosin). Their ability to work with their attorneys on their asylum cases is greatly hampered. ICE guards, for example, removed a key piece of evidence from Sadat I.'s mail without informing him, harming his ability to prove his case at his hearing. Dkt. 54-1 at 9.

Clearly, this situation permits no delays.  Defendants will suffer no prejudice by presenting their Opposition in a timely manner, pursuant to this Court's rules. At the most, the Plaintiffs will receive a fair hearing before an Immigration Judge, and if ordered released, will live with their sponsors under whatever security measures are required by the court, such as bonds or periodic check in requirements. In short, they will receive the same opportunities for release as other immigrants who entered unlawfully. Should Defendants prevail on summary judgment or at trial on the merits, they can return the Plaintiffs to detention.

Plaintiffs on the other hand, will suffer serious prejudice if their Application is stayed or delayed in any way. Each and every day of unconstitutional detention constitutes irreparable harm. *See Mills v. District of* Columbia, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (deprivation of constitutional rights "for even minimal periods of time" constitutes irreparable injury). In addition, if Defendants file their response in opposition late, the Plaintiffs are deprived of adequate time to prepare for the preliminary injunction hearing itself.

### III.    Venue Arguments are Irrelevant and Premature

Plaintiffs thoroughly briefed the venue issues in their Memorandum of Points and Authorities in Opposition to Defendants' Motion to Transfer Venue. Dkt. 41. Moreover, all parties have agreed to file any supplementary briefing made necessary by the Second Amended Complaint, by February 12, 2018. Dkt. 51, 53. Accordingly, Plaintiffs simply reference and incorporate their earlier brief at this time, and will comply with this Court's deadline of Feb. 12, 2018, for any additional briefing. Plaintiffs simply note here that two Washington D.C. Defendants have been joined in this case; Plaintiff Araceli R. is now in California, and Plaintiff Junior M. has relinquished his claim for asylum and returned to Honduras (both were formerly detained at the Port Isabel Detention Center.) Thus the Defendants arguments for a transfer of venue have become even weaker.

### IV.    Habeas Corpus and Additional Arguments

Defendants also present additional arguments which must be properly raised in a Motion to Dismiss under Fed. R. Civ. P. 12 or in an Answer, not in a motion for an extension of time. Plaintiffs therefore ask that these arguments be struck at this this time.

First, Defendants argue that the various legal provisions require the Plaintiffs' detention. Dkt. 61 at 3,5. Clearly, this argument, and the Plaintiffs' response thereto, are properly raised at the hearing on Plaintiffs' Application for Preliminary Injunction. Dkt. 54.

Defendants also urge that the parole decisions are discretionary and cannot be reviewed. This too should be presented in Defendants' brief in opposition, and the oral argument for the Preliminary Injunction. Plaintiffs simply note here that there is never discretion to violate the constitution. See *Doe v. Casey*, 796 F.2d 1508, 1517-18 n. 33 (D.C. Cir. 1986*); WWHT, Inc. v. FCC* 656 F.2d 807, 815 n.15 (D.C.Cir.1981)("In no event would a finding of non-reviewability on the ground that an action is committed to agency discretion preclude judicial review when constitutional violations have been alleged.")

Moreover, Defendants vaguely refer to prejudice and judicial burden, but they fail to mention any specifics, as required for any continuance. *Hisler v. University of Gallaudet*, 344 F.Supp.2d 29 (2004).

Lastly, Defendants argue that this case must be refiled as a Habeas Corpus case in Texas. Dkt. 61 at 2. This argument is also unreasonable. It is not for the Defendants, of course, to determine which causes of action best serve the Plaintiffs. Moreover, Plaintiffs have sought an injunction prohibiting further detention without a hearing before an Immigration Judge on the matter of their parole, without the unlawful consideration of immigration deterrence, and in compliance with ICE Policy Directive 11002.1. See Dkt. 54-1 at 3 ("[Plaintiffs] seek a preliminary injunction requiring the Defendants to hold immediate hearings before an Immigration Judge to reconsider the Plaintiffs' parole requests in compliance with the applicable statutes, rules, and ICE Policy Directive No. 11002 (Jan. 4, 2010)."). Thus they do not seek automatic release. Accordingly, habeas corpus is not exclusive here.

The D.C. Circuit and other circuit courts have made clear that a detained individual "need bring his claim in habeas only if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'" *Levine v. Federal Bureau of Prisons*, 245 F.Supp.3d 149, 152 (D.D.C. 2017) (citing *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013) (federal prisoner was not required to bring APA claim as a habeas corpus claim because success on the APA claim would only get the prisoner a hearing in district court); *see also Ray v. Smoot*, 168 F.Supp.3d 111, 112-13 (D.D.C. 2016) (prisoner seeking parole hearing was not required to bring 1983 claim as a habeas corpus claim because "parole rehearing would not necessarily shorten his confinement…."); *see also Aruanno v. New Jersey*, 215 Fed.Appx. 157, 158 (3rd Cir. 2007) (detainee was not required to bring habeas corpus claim because his 1983 claim "would render the state's procedures in civil commitment hearings invalid," not result in immediate release from civil commitment). Moreover, APA claims and habeas corpus claims may coexist. *See R.I.L.-R v. Johnson*, 80 F.Supp.3d 164, 185-86 (D.D.C. 2015) (plaintiffs were permitted to bring APA claims challenging DHS policy regarding release of immigrant detainees). If Plaintiffs obtain their requested relief, the Defendants may present any concrete evidence in their possession that the Plaintiffs are in any way a threat to public safety at a hearing before an Immigration Judge. Plaintiffs' constitutional and APA claims do not necessarily imply the invalidity of their confinement and will not necessarily shorten the duration of their confinement. They are not required to bring their claims under 28 U.S.C. § 2241.

Defendants argue that Plaintiffs challenge a discretionary parole determination that is not subject to judicial review and therefore that they are suffering no irreparable harm. Dkt. 61, at 5-6. Again, this argument is more appropriately raised on a Motion to Dismiss or at oral argument on the Preliminary Injunction. Plaintiffs' claims are not barred by 8 U.S.C. § 1252(a)(2)(B), as

Defendants suggest, because they are challenging Defendants' *non-discretionary*, unconstitutional policy of denying parole to certain asylum seekers to deter immigration to the United States. *See Abdi v. Duke*, No. 1:17-CV-0721 EAW, 2017 WL 5599521, at *6 (W.D.N.Y. Nov. 17, 2017) (where plaintiffs challenged non-compliance with procedures for grant of parole, as opposed to ultimate parole decisions, §1252(a)(2)(B) did not bar claim). As discussed above, decisions that violate the Constitution are not discretionary. *Kwai Fun Wong v. U.S.*, 373 F.3d 952, 963 (9th Cir. 2004). Thus Plaintiffs continue to suffer irreparable harm and their requests for a preliminary injunction are properly before this Court.

## V.      Conclusion

For the aforementioned reasons, the Court should deny Defendants' Corrected Motion to Hold in Abeyance Briefing on Preliminary Injunction, or in the alternative, For an Extension of Time to File a Response. Dkt. 61.

Respectfully submitted,

/S/ Jennifer K. Harbury
Jennifer K. Harbury
Attorney in Charge
D.D.C. Bar No. TX0022
Texas Bar No. 08946500
**TEXAS RIO GRANDE LEGAL AID, INC.**
301 S. Texas Ave.
Mercedes, Texas 78750
Telephone: (956) 447-4800
Email: JHarbury@trla.org


Catherine Norris
*Pro hac vice*
Staff Attorney
N.Y. Bar No. 4914818
**TEXAS RIO GRANDE LEGAL AID, INC.**
1111 N. Main Ave.
San Antonio, TX 78212

7

Telephone: (210) 212-3715
Email: CNorris@trla.org

*Attorneys for Plaintiffs*

Certificate of Service:

I, Jennifer K. Harbury hereby  certify that this brief was served upon the Defendants on

February 14, 2018 by filing it through this court's electronic filing system.

/S/Jennifer K. Harbury

Jennifer K. Harbury
Attorney at Law

8