I, **Deputy Field Office Director Deborah Achim**, hereby declare under penalty of perjury that the following statements are true and correct, to the best of my knowledge:

1. I am Deputy Field Officer Director with the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), for the San Antonio Field Office Director.

2. One of my duties as Deputy Field Office Direct is to provide management oversight of ERO operations at the Port Isabel Detention Center (PIDC), South Texas Detention Complex (STDC), and Laredo Detention Center. At these locations, ERO is responsible for the detention and removal of aliens.

3. The following information is based on ERO's review of government databases and documentation related to the cases listed below.

4. Pursuant to the relevant statute, 8 U.S.C. 1182(d)(5), ICE has the discretion to parole individuals like Plaintiffs "... into the United States temporarily under such conditions as [the Secretary] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit...." ERO follows the ICE policy directive No. 11002.1 (Morton Memo) effective as of January 4, 2010 to make parole determinations for arriving aliens seeking asylum in the United States. In implementing the Morton Memo in making parole determinations, ERO considers factors including whether an arriving alien found to have a credible fear has established his or her identity, is a flight risk or danger to the community, and has any urgent humanitarian needs. ICE does not have a policy of relying on deterrence as a factor in parole determinations.

5. A▇▇▇319, Hatim B▇▇ is currently detained at PIDC in 8 U.S.C. § 1225 detention. He requested parole on April 24, 2017 and on July 14, 2017. He was denied parole in writing on May 01, 2017 and verbally on July 14, 2017. ERO, applying the factors described in paragraph 4, exercised discretion and denied his parole. He has a continued hearing on the merits of his application for relief on February 22, 2018.

6. A▇▇▇201, Celinda Aracely ▇▇▇ was previously detained at PIDC pursuant to 8 U.S.C. § 1225 detention. She was released on parole on January 12, 2018, for humanitarian reasons. On June 1, 2017, the San Antonio Field Office requested that parole be examined in her case. On June 1, 2017, ERO, applying the factors described in paragraph 4, exercised discretion and denied his parole. She was ordered removed by an Immigration Judge on October 02, 2017, but she reserved her right to appeal this decision. Her appeal, which was filed on October 10, 2017, is still pending before the Board of Immigration Appeals (BIA).

7. A▇▇▇343, Junior Alberto M▇▇▇, was previously detained pursuant to 8 U.S.C. § 1225 detention. He requested parole on April 26, 2017 and on August 02, 2017. ERO, applying the factors described in paragraph 4, exercised discretion and denied his parole on April 28, 2017 and on August 3, 2017. He was ordered removed from the United States by an Immigration Judge on December 07, 2017. He waived his right to appeal this decision, and he was expatriated to Honduras on December 27, 2017.

8. A▇▇▇615, Mikailu J▇▇, is currently detained at the Laredo Detention Center pursuant to 8 U.S.C. § 1225 detention. ERO, applying the factors described in paragraph 4, exercised discretion

EXHIBIT A

and denied his parole on May 4, 2017. He requested parole again on June 7, 2017 and September 18, 2017. ERO, applying the factors described in paragraph 4, exercised discretion and denied his parole on June 9, 2017 and September 21, 2017.

9. A ███ 376, Sadat I███, is currently detained at the South Texas Detention Complex (STDC) in Pearsall, TX pursuant to 8 U.S.C. § 1231 detention. He was ordered removed on August 10, 2016. On April 12, 2017, August 03, 2017 and August 22, 2017 a Post Custody Review (POCR) report was submitted for review with recommendation for continue detention as Ibrahim at the time was still pending a travel document. On January 31, 2018 a travel document was issued for Ibrahim. He is scheduled for removal in March 2018; However Ibrahim has a stay of removal in place from 11th Circuit Court of Appeals.

**Pursuant to Title 28, U.S.C. § 1746, I declare that the foregoing is true and correct to the best of my knowledge this 9th day of February, 2018.**

Signed _[signature]_
**Deborah Achim**
**Date: February 9, 2018**