# Exhibit 10

# Declaration of Eunice Lee

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HATIM BALDE, *et al.*

    *Plaintiffs*,

v.

KIRSTJEN NIELSEN, Secretary of Homeland Security, *et al.*,

    *Defendants*.

Civil Action No. 1:17-cv-1976-RC

I, EUNICE LEE, declare and state as follows:

1. I am licensed to practice law by the States of New York and California, and am currently Co-Legal Director of the Center for Gender & Refugee Studies (CGRS) at University of California Hastings College of the Law.

2. I have served as co-Legal Director of CGRS since 2015 and as Senior Staff Attorney since 2014. I previously worked as an Equal Justice Works Fellow and Detention Attorney at the American Civil Liberties Union Immigrants' Rights Project from 2007-2009 and 2013-2014, respectively. From 2009-2011, I practiced and taught as the Albert M. Sacks Clinical Teaching and Advocacy Fellow at Harvard Law School's Immigration and Refugee Clinical Program. I graduated from Yale Law School in 2006 and served as a Law Clerk to the Honorable Carlos F. Lucero, U.S. Court of Appeals for the Tenth Circuit, from 2006-2007. My post-law school academic experience and training also includes graduate-level work in Anthropology at University of California, Berkeley, including a M.A. awarded in 2016 and graduate-level research experience on laws and policies affecting asylum seekers.

3. In October 2015, CGRS and the Immigrants' Rights Project of the American Civil Liberties Union ("ACLU") requested information from U.S. Immigration and Customs Enforcement ("ICE") regarding the detention of asylum seekers who arrive at the United States

via a port-of-entry or interdiction at sea—or "arriving aliens," *see* 8 C.F.R. §1.2—and are found to have a credible fear of persecution. We requested, *inter alia*, monthly report data that DHS was required to generate pursuant to the 2009 ICE Directive 11002.1, Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture ("Parole Directive"). The Parole Directive mandated monthly reports by the ICE Field Office Directors detailing the number of parole adjudications; the result of those adjudications; and the basis for granting or denying parole. *See* Parole Directive ¶ 8.11.

4. Through our FOIA request and related litigation before the Northern District of California, we have obtained monthly report data for January – December 2016 and January – July 2017 (July 2017 being the latest month for which we now have data in possession).

5. According to our calculations based on the spreadsheets we received from ICE for the period of January – July 2017: the parole grant rate in Port Isabel Detention Center (identified in the spreadsheets with the code "PIC" or "PIDC"), was 8.7% granted (11 grants), and 91.3% of parole requests denied (116 denials); the grant rate for South Texas Detention Center (identified in the spreadsheets with the code "STDC" or "STC") was 26.3% (94 grants) and the denial rate 76.7% (309 denials); and the nationwide grant rate excluding entries with codes that we associated with the Dilley, TX and Karnes, TX family facilities, was 30.2% (942 grants), and 69.8% parole requests denied (2,180 denials). Of note, we were not able to find codes associated with the Berks, PA family facility in the cited data and the spreadsheets as a whole appeared to reflect recordkeeping inconsistencies and missing entries. The last calculation excludes family facilities because the population detained there is comprised of mothers with children and not single adults.

6. Based on our calculations from the spreadsheets we received from ICE for the period of January – December 2016: the grant rate in Port Isabel Detention Center was 34.7% (25 grants) and the denial rate 65.3% (47 denials); the grant rate for South Texas Detention Center was 48.9% (127 grants) and the denial rate 51.2% (133 denials); and the nationwide grant rate

excluding entries we associated with family facilities was 47.0% (2,335 grants), and the denial rate 53.0% (2,630 denials).

I declare under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct and that this declaration was executed on January 11, 2018, at San Francisco, CA.

EUNICE LEE