UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HATIM B., *et al.*

*Plaintiffs*,

v.

KIRSTJEN NIELSEN, Secretary of Homeland Security, *et al.*,

*Defendants*.

Civil Action No. 1:17-cv-1976-RC

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT PRAYER FOR RELIEF**

Table of Contents:

1. Table of Contents……………………………………………………………p.2
2. Table of Authorities…………………………………………………………p.2
3. Argument………………………………………………………………………..p.3

Table of Authorities:

1. *Angelich v. Medtrust LLC*, 910 F.Supp.2d 128 (D.D.C 2012)….………………..p. 4
2. *Brown v. Plata* 563 U.S. 493 (2011)…………………………………..………..p. 5
3. *Dietz v. Bouldin*, 136 S.Ct. 1885(2016)……………………………….……….p. 4
4. *Dixon v. Barry*, 967 F. Supp. 535(D.D.C. 1997)………………….…………..…..p. 6
5. *Duran v. Elrod*, 713 F.2d 292, 297 (7th Cir. 1983)…….…………………………p. 6
6. *Foman v. Davis*, 371 U.S. 178 (1962)……………….……………………………p. 4
7. *Gordon v. Holder*, 721 F.3d 638, 652-53 (D.C.Cir. 2013)………………………..p. 6
8. *Jennings v. Rodriguez,* 138 S.Ct. 830 (2018)…………..………………………..p. 3, 6
9. *Marbury v. Madison,* 1 Cranch 137 (1803)……………………………………..p. 5
10. *Obergefelle v Hodges,* 135 S.Ct. 2584 (2015)…………………………………..p. 5
11. *Sessions v. Dimaya,*138 S.Ct. 1204 (2018)…………………………….……..p. 5
12. *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1(1971)…….…p. 5
13. *Trump v. International Refugee Assistance Project*, 137 S.Ct. 2080(2017)………p. 6
14. *U.S. v Morrison*, 529 U.S. 598 (2000)…………………………………………..p. 5
15. *Wilkinson v. Dotsun*, 544 U.S. 74 (2005)……………………………………..p. 7
16. 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2947-8 (3d ed. 2013)……………………………………………………………………………..p. 6

**ARGUMENT:**

Now come the Plaintiffs in the above entitled and numbered cause and reply to the Defendants' Opposition (ECF No. 86) to Plaintiffs' Motion to Supplement their Prayer for Relief in the Application for a Preliminary Injunction (ECF No. 79). Plaintiffs address the issues raised by Defendants as follows:

1.   Plaintiffs seek no delays in scheduling the hearing on their Application for a Preliminary Injunction. A final decision on the proper scope of a preliminary junction can and should be made at or after the full hearing on all evidence and legal questions. Moreover, there is no reason for any further delays or repetitive briefing. This court has full authority to permit such supplementation, as set forth below. Moreover, the supplement to Plaintiffs' prayer for relief does not change their presentation of evidence, or the laws and facts underlying this case in any way. Plaintiffs have proposed no changes at all to the body of their Application, or to the substantial presentation made in their Memorandum in Support of their Application for a Preliminary Injunction. Defendants suffer no prejudice by such supplementation of the prayer for relief, and there is no need for any repetitive briefing. Should Defendants have any further arguments regarding the propriety of the proposed injunctive relief, other than those already raised in their response in opposition, they may ask this court for leave to file a sur-reply. Defendants also have the opportunity to raise all such arguments at the hearing itself.

2.   Defendants also urge that Plaintiffs' Motion to Supplement cannot be granted since it does not fall within the scope Fed. R. Civ. P. Rule 15. This is clearly inaccurate, as the court has just done precisely that in permitting amendments in light of the *Jennings* ruling. The court has ample authority to make such routine decisions as part of its broad power to control and manage cases pending before it. Given the lack of any prejudice to Defendants, and the clear interests of

justice, the motion should be granted. *Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016)(district court has inherent powers, not governed by rule or statute, but by the authority necessarily vested in the court to properly manage its cases); *Angelich v. Medtrust LLC*, 910 F.Supp.2d 128, 132 (D.D.C 2012)(court has inherent power to authorize re-service of summons upon defendant). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *see also Angelich v. Medtrust LLC*, 910 F.Supp.2d 128, 132 (D.D.C 2012)(Plaintiff permitted to re-serve summons upon defendant).

3.   Defendants repeatedly misstate the Plaintiffs' position regarding their proposed supplement to their prayer for relief. Plaintiffs do not "concede" that their original prayer for relief was defective or insufficient. Defendants consistently raise 8 C.F.R. § 1003.19(h) in support of their argument for denying Plaintiffs any review by an immigration judge of the denial of their parole requests. *See* Defs.' Opp. to Pls' 1st Amended App. for Prel. Inj. (ECF No. 77) at 7; *see also* Defs.' Opp. to Pls.' Mot. for Prel. Inj. (ECF No. 63) at 27. Accordingly, Plaintiffs sought the narrowest possible relief; specifically, an order barring the application of this clause to the Plaintiffs, as Port of Entry asylum- seekers. However, Defendants, in their response, made it clear that even if such an injunction was granted, they would still refuse to provide the Plaintiffs with immigration court review. *See* ECF No. 77, at 15-16. Plaintiffs urge that this position is improper. However, to avoid still further legal arguments and possible hearings, Plaintiffs simply seek to supplement their prayer for relief with alternative and broader

proposed injunctions.[1] The simplest approach here is to determine the proper scope of the preliminary injunction at or after hearing the evidence and legal arguments at the oral hearing.

4.   Defendants appear to argue that this Court's authority to formulate equitable relief is somehow limited by the immigration statutes and regulations. This is incorrect. The United States Congress and federal agencies are always bound by the constitution. "Every law enacted by Congress must be based on one or more of its powers enumerated in the constitution. 'The powers of the legislature are defined and limited; and that those limits may not be mistaken, or forgotten, the constitution is written.'" *U.S. v Morrison*, 529 U.S. 598, 607 (2000)(citing *Marbury v. Madison,* 1 Cranch 137, 176, 2 L.Ed. 60 (1803) (Marshall, C. J.)). Thus the courts will invalidate statutes or regulations which violate the mandates of the constitution.  *See e.g., Sessions v. Dimaya,*138 S.Ct. 1204, 1223 (2018)(portion of immigration statutes struck down on basis of unconstitutional vagueness); *Obergefelle v Hodges,* 135 S.Ct. 2584 (2015)(striking down state statutes barring same sex marriage on equal protection and substantive due process grounds); *Memorial Hospital v. Maricopa County*, 415 U.S. 250(1974)( striking down residency requirement as unconstitutional).

5.   A district court has broad and flexible equitable powers to remedy violations of the Constitution. As this Court observed in *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 15 (1971):

> "Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."

Thus in *Swann*, the court issued an injunction requiring desegregation of the public schools. Likewise, in *Brown v. Plata* 563 U.S. 493 (2011), the court properly required the release of

---

[1] Plaintiffs have proposed an injunction prohibiting further detention without a hearing to determine whether or not the Plaintiffs present any flight risk or dangers to the community.

prisoners where the prison had failed to resolve overcrowdings issues. *See also Dixon v. Barry*, 967 F. Supp. 535, 550 (D.D.C. 1997)(holding that pursuant to its equity jurisdiction, a federal court has power to take broad remedial action, including appointment of a receiver); *see also Duran v. Elrod*, 713 F.2d 292, 297 (7th Cir. 1983), *cert. denied*, 465 U.S. 1108 (1984) ("…[W]hen shaping equity decrees, the trial court is vested with broad discretionary power.").

6.   The court's authority to issue a preliminary injunction is likewise broad and flexible. *See Trump v. International Refugee Assistance Project*, 137 S.Ct. 2080, 2087 (2017)("Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents.")(citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948 (3d ed. 2013)); *see also Gordon v. Holder*, 721 F.3d 638, 652-53 (D.C.Cir. 2013)(district court had authority to fashion preliminary injunctive relief to prevent application of unlawful tax provisions). The Court is permitted to order preliminary injunctive relief that will "meet the exigencies of the particular case." 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2947 (3d ed. 2013).

Plaintiffs have fully met all of the requirements for a preliminary injunction, as set forth in their Memorandum in Support of their Application for a Preliminary Injunction. The equitable considerations strongly support the issuance of the requested preliminary injunction.

7.   Plaintiffs do not seek to delay the hearing on the preliminary injunction by opposing the Defendants' ongoing efforts to transfer venue. This Court has already set the venue challenge on its own separate schedule, and Plaintiffs properly appeared and argued the venue issues on March 2, 2018.  At that hearing, this Court permitted amendments to the Complaint and Application in light of the changes made necessary by the Supreme Court ruling in *Jennings v. Rodriguez,* 138 S.Ct. 830, (2018). Certainly a change in relevant jurisprudence by the highest

court in the land provided solid and reasonable grounds for such amendments. In fact, those amendments made no changes at all to the basic venue arguments, but routine re-briefing was authorized. Again, Plaintiffs' requested supplementation of the prayer for relief causes no delay in the venue schedule.

8. Defendants refer only to Plaintiff Mikailu J. Once again Plaintiffs note that Plaintiff Sadat I. has full standing to seek the requested relief. As a result of the Defendants' unconstitutional policy, he was improperly refused parole during his original proceedings before the immigration court. After his appeal ended, he was unlawfully denied *Zadvydas* relief for many months. This denial was also made pursuant to this policy of deterrence of asylum seekers through the use of prolonged detention. A strong effort is underway now to reopen his case.[2] As soon as it is reopened, he will once again seek parole, and once again face the Defendants' unlawful policies. Moreover, on January 29, 2018 Plaintiffs amended their complaint to include the post removal order parole issues in Plaintiff Sadat I.'s case. *See* Pls.' 2nd Amended Compl. (ECF no. 56), at ¶ ¶ 44, 67G-H, 103, and 111; *see also* Pls.' 3rd Amended Compl. (ECF no. 73), at ¶ ¶ 52,79G-H, 115, 123, and 137.

9. Defendants repeat their arguments that the supplemental relief requires the Plaintiffs to bring their case as one for habeas corpus in Texas. This issue has been repeatedly briefed. The relief sought is the *hearing* by an independent officer to determine whether or not the Plaintiffs should be released. It thus falls squarely within *Wilkinson v. Dotsun*, 544 U.S. 74 (2005) and habeas corpus is not the exclusive remedy.

Respectfully submitted,

[2] Indeed, the egregious defects in his case are now the subject of an Amnesty International campaign, https://www.amnesty international.org/en/documents/amr51/8127/2018/en/ (accessed May 16, 2018).

/S/ Jennifer K. Harbury
Jennifer K. Harbury
Attorney in Charge
D.D.C. Bar No. TX0022
TEXAS BAR NO. 08946500
TEXAS RIO GRANDE LEGAL AID, INC.
301 S. Texas Ave.
Mercedes, Texas 78750
Telephone: (956) 447-4800
Email: JHarbury@trla.org

Peter McGraw
Texas Bar No. 24081036
TEXAS RIOGRANDE LEGAL AID, INC.
1206 East Van Buren St.
Brownsville, Texas 78520
Phone: (956) 982-5543
Fax: (956) 541-1410
Email: pmcgraw@trla.org
*Admitted pro hac vice*

**Certificate of Service:**

I, Jennifer Harbury, attorney at law, certify that I have served a true and correct copy of this Third Amended Complaint upon counsel for the Defendants by filing it through this court's electronic filing system on May 16, 2018.

/S/Jennifer Harbury
Attorney at law.

