**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARACELY R., *et al.*<br><br>    Plaintiffs,<br><br>    v.<br><br>KIRSTJEN NIELSEN, Secretary of Homeland Security, *et al.*,<br><br>    Defendants. | Civil Action No. 1:17-cv-1976-RC |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
INTRODUCTION ..................................................................................................................... 1
FACTUAL UPDATE ................................................................................................................ 3
ARGUMENT ............................................................................................................................. 3

   I.    Plaintiffs Lack Standing ................................................................................................3

        A.     Plaintiffs' Claims Are Moot..................................................................4
        B.     Voluntary Cessation is Not Relevant....................................................5
        C.     Repetition Evading Review Does Not Apply .......................................6
        D.     At Most, Plaintiffs Are Entitled to Individualized
               Determinations .....................................................................................7
        E.     Plaintiffs' Alleged Harms are Not Redressable ...................................8

   II.   The Third Amended Complaint Fails to State a
        Claim Upon Which Relief Can Be Granted ..................................................................8

   III.  Venue is Improper Because Plaintiffs' Claims
        Sound in Habeas ............................................................................................................9

CONCLUSION .......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Abdi v. Duke*,
  280 F. Supp. 3d 373 (W.D.N.Y. 2017) ................................................................................ 2
*Am. Wild Horse Pres. Campaign v. Salazar*,
  800 F. Supp. 2d 270 (D.D.C. 2011) .................................................................................... 6
*Ass'n of Am. Physicians & Surgeons v. Sebelius*
  746 F.3d 468 (D.C. Cir. 2014) ............................................................................................ 4
*Barahona-Gomez v. Reno*,
  236 F.3d 1115 (9th Cir. 2001) ............................................................................................ 5
*\*Chafin v. Chafin*,
  568 U.S. 165 (2013) ............................................................................................................ 1
*\*City of Erie v. Pap's A.M.*,
  529 U.S. 277 (2000) ............................................................................................................ 1
*Clarke v. United States*,
  915 F.2d 699 (D.C. Cir. 1990) ............................................................................................ 4
*Demore v. Kim*,
  538 U.S. 510 (2003) ............................................................................................................ 1
*\*Golden v. Zwickler*,
  394 U.S. 103 (1969) ............................................................................................................ 6
*Hall v. Beals*,
  396 U.S. 45 (1969) .............................................................................................................. 3
*Honeywell Intern., Inc. v. Nuclear Regulatory Comm'n.*,
  628 F.3d 568 (D.C. Cir. 2010) ............................................................................................ 6
*Jennings v. Rodriguez*,
  138 S. Ct. 830 (2018) .......................................................................................................... 8
*Los Angeles Cty. v. Davis*,
  440 U.S. 625 (1979) ............................................................................................................ 4
*Nat'l Wildlife Fed'n v. United States*,
  626 F.2d 917 (D.C. Cir. 1980) ............................................................................................ 6
*Scott v. D.C.*,
  139 F.3d 940 (D.C. Cir. 1998) ............................................................................................ 5
*Shaughnessy v. United States ex rel. Mezei*,
  345 U.S. 206 (1953) ............................................................................................................ 3
*Spencer v. Kemna*,
  523 U.S. 1 (1998) ................................................................................................................ 3
*Zadvydas v. Davis*,
  533 U.S. 678 (2001) ............................................................................................................ 8

## Statutes

8 U.S.C. § 1182(d)(5)(A) .................................................................................................. 1, 5, 6, 8
8 U.S.C. § 1225(b) ................................................................................................................... 1, 9
8 U.S.C. § 1231 ........................................................................................................................ 4, 7
8 U.S.C. § 1252(b)(8) ................................................................................................................... 7
28 U.S.C. § 2241 .......................................................................................................................... 9

## Rules

Federal Rule of Civil Procedure 20(1)(B) ..................................................................................... 1

## Regulations

8 C.F.R. § 241.3 ........................................................................................................................... 7

**INTRODUCTION**

Plaintiffs' Third Amended Complaint (ECF No. 73) alleges that Defendants improperly denied parole to arriving aliens detained under 8 U.S.C. § 1225(b). But now that the Board of Immigration Appeals has issued a final order of removal to Plaintiff Mikailu J., no Plaintiff is detained under section 1225(b). With no Plaintiffs eligible to be considered for parole, "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Therefore, the Third Amended Complaint states no case or controversy for this Court to decide for these Plaintiffs.[1] Events have occurred in the ordinary course of Plaintiffs' asylum proceedings so that the issues alleged in the complaint are no longer "live" and *these* present plaintiffs "lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations omitted).

The Board of Immigration Appeals (BIA) issued a final order of removal for Plaintiff Mikailu J. on August 18, 2018. *See* Exhibit A, Decision of the Board of Immigration Appeals. Therefore, he cannot be paroled pursuant to 8 U.S.C. § 1182(d)(5)(A). "[D]etention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Speculation that a petition for review might prove successful in the Court of Appeals at some time in the future is not a basis for a cognizable legal interest this litigation right now. Moreover, weighing the likelihood of success of the underlying petition for review would amount to a review by *this court* of the final order of removal. Such review is prohibited by 8 U.S.C. § 1252(a)(2)(B)(ii).

---

[1] Defendants anticipate filing a response in opposition to Plaintiffs' Motion to Join Parties and Amend Complaint (ECF No. 99). The basis for opposing, however, relates to the pending motion to dismiss, as it is impossible to satisfy the requirements of Federal Rule of Civil Procedure 20(1)(B) – showing that there *will* arise a "question of law or fact common to all plaintiffs" – where the claims of current plaintiffs are moot.

Plaintiffs Sadat I. and Aracely R. are in similar situations in that both are no longer detained. Plaintiffs made the same arguments for Aracely R. that they are now making with regard to Plaintiff Sadat I., resting on the assertion that she could "be re-detained by Defendants at any time." Memorandum In Support of Application for Preliminary Injunction at 9 n.16 (ECF No. 74-1). Plaintiffs' speculation as to a future claim to parole for Plaintiff Aracely R. proved wrong, and she is now a fugitive with an administratively final order of removal subject to 8 U.S.C. § 1231. Plaintiffs have dropped her from the proposed Fourth Amended Complaint (ECF No. 99-1), filed contemporaneously with the Response in Opposition to Motion to Dismiss (ECF No. 98), but her situation parallels Sadat I.'s in that any re-detention will come only after the agency has concluded that parole no longer applies. The procedures laid out in the Morton Memo for a *new* parole request following re-detention simply do not have any reasonable or practical effect on either plaintiffs' circumstances.

Plaintiffs' argument regarding voluntary cessation is incorrect. They rely heavily *Abdi v. Duke*, which was a habeas petition, where detention was the harm, yet Plaintiffs have insisted to this Court that this is not a habeas petition. *See Abdi v. Duke*, 280 F. Supp. 3d 373, 385 (W.D.N.Y. 2017). They cannot have it both ways. If the *Accardi* doctrine is the basis for this court to act, then there must be some likelihood that the Morton Memo continues to be relevant to Plaintiffs' situation. Plaintiffs routinely conflate their interest in the agency following its internal procedures and the prospect of prolonged detention. *See* Response in Opposition at 15-16. However, following the redetermination of parole in strict compliance with the Morton Memo, Plaintiffs' detention can be presumed to be valid. Moreover, the allegations of a past systemic unwritten policy of deterrence are now irrelevant to Plaintiff Mikailu J. He has been given the full relief available to him under the APA, and this Court has recognized that there is

no constitutional process required beyond what Congress has provided. *See* Memorandum Opinion at 45 (ECF No. 93) (*citing Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 212 (1953)).

The interweaving of the Morton Memo's procedural expectations with allegations of harm from prolonged detention also undermines Plaintiffs' argument regarding the doctrine of repetition-yet-evading-review. By speaking in generalities as to what might actually be repeated, Plaintiffs skip over the second requirement for this exception – that the same plaintiff will be subject to the same action again. Plaintiffs asked for complete relief available under the APA, and have already received the full relief available to them.

As Defendants argued in the Memorandum in support of the Motion to Dismiss, Plaintiffs lack standing, the complaint fails to state a claim for which relief can be granted, and venue is improper in this District. Accordingly, the Court should dismiss the Third Amended Complaint.

## FACTUAL UPDATE

On August 17, 2018, the BIA issued an administratively final order of removal for Plaintiff Mikailu J. On August 28, 2018, Plaintiff Mikailu J. filed a petition for review with the Court of Appeals for the Fifth Circuit. At the time of this filing, the Court of Appeals had not ruled on the petition for review and had not issued a stay of removal.

## ARGUMENT

### I. Plaintiffs Lack Standing

Courts are "not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). The link to a "present, live controversy" allows a court to avoid advisory opinions. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Plaintiffs suggest there is continued harm related to an alleged deterrence policy, *see* Response at 10, but not one of the individual plaintiffs is in her present

3

circumstances as a result of this alleged policy. Plaintiffs' stated pursuit of "updated release statistics" despite receiving new case-by-case determinations, *id*. at 10 n.5, is much like the plaintiffs in *Ass'n of Am. Physicians & Surgeons v. Sebelius*, who wanted the Social Security Commissioner to provide an "honest accounting" of Social Security and Medicare government programs. 746 F.3d 468, 473 (D.C. Cir. 2014). There, the Court of Appeals rejected that request.

### A. Plaintiffs' Claims Are Moot

All three Plaintiffs in this action have received discretionary parole redeterminations. In two instances, DHS granted parole, and in the third, parole was denied. *See* Joint Status Report (ECF No. 94). Given that Plaintiffs cannot challenge the substance of the actual determinations, the claims became moot once the agency complied with the Court's July 3 order (ECF No. 92).

Now that the sole plaintiff in detention is no longer eligible for parole, the argument for mootness is even clearer. According to the Court of Appeals for the D.C. Circuit, a case is moot if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699 (D.C. Cir. 1990). Similarly, the Supreme Court has noted that "jurisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur; and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (internal citations, quotations and ellipsis omitted). Plaintiffs cannot satisfy these two requirements from *Davis*.

Plaintiff Mikailu J. is now detained pursuant to 8 U.S.C. § 1231. Plaintiffs' speculation that a petition for review might prove successful is not a reasonable expectation. Congress has placed review of the underlying removal action outside the purview of District Courts, 8 U.S.C.

§ 1252(a)(2)(B)(ii). Consistent with this jurisdictional limitation, this Court should not evaluate the merits of the petition for review as part of determining mootness here.

As to Plaintiffs Sadat I. and Aracely R., neither is currently detained. The agency would continue to follow the appropriate procedures in deciding a *new* parole request following re-detention, but because this hypothetical situation would come on the heels of a decision that parole is no longer appropriate under 8 U.S.C. 1182(d)(5)(A), the issues raised in the Third Amended Complaint hardly seem relevant to this scenario. The circumstances of Plaintiff Aracely R. are an example of how events can change.

### B. Voluntary Cessation is Not Relevant

This is not a case of voluntary cessation. Instead, Plaintiff Mikailu J. no longer has a live challenge to detention during removal proceedings simply because his removal proceedings have run their course. This is not unusual. *See, e.g.*, *Scott v. D.C.*, 139 F.3d 940, 941 (D.C. Cir. 1998) ("Normally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison."). Plaintiffs simply cannot identify a concrete, ongoing injury related to section 1225(b) that this Court could redress through a favorable decision.

To the extent Plaintiffs' argument is that the decision by the BIA is the basis for any cessation, the argument fails. The BIA is a separate agency, and the decision was an independent, *sua sponte* adjudicatory action by an administrative body within the Department of Justice that exercises quasi-judicial appellate authority. *See Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120 (9th Cir. 2001). The present case is a classic example of mootness arising not from a voluntary decision by a party, but from outside events. Under those circumstances, the Court should dismiss the action as moot.

### C. Repetition Yet Evading Review Does Not Apply

Applying the repetition-yet-evading-review exception requires that Plaintiffs satisfy both prongs of the test: "1) the challenged action must be too short to be fully litigated prior to cessation or expiration; and 2) there must be a reasonable expectation that the same complaining party will be subject to the same action again." *Honeywell Intern., Inc. v. Nuclear Regulatory Comm'n*, 628 F.3d 568, 577 (D.C. Cir. 2010) (internal quotation marks omitted). Plaintiffs satisfy neither.

First, Plaintiffs' success in obtaining preliminary relief through the Court's July 3 order demonstrates that review is possible. In *Salazar*, the court concluded that the ability to challenge a subsequent Bureau of Land Management decision as it was challenged initially—"temporarily or permanently enjoin[ing] before any irreversible steps are taken or any irreparable harm occurs" meant that evading review in the future was not likely. *Am. Wild Horse Pres. Campaign v. Salazar*, 800 F. Supp. 2d 270, 274 (D.D.C. 2011). In this case, Plaintiffs sought a preliminary injunction, which the Court granted and ordered to be implemented within 14 days of the order.

Secondly, there is no reasonable expectation that Plaintiffs will be subject to the same action again. The Supreme Court has noted that a mere conjectural assertion "that another occasion might arise … is hardly a substitute for evidence that this is a prospect of 'immediacy and reality.'" *Golden v. Zwickler*, 394 U.S. 103, 109 (1969). "The mootness exception for cases "capable of repetition, yet evading review" requires more than the mere capability of repetition." *Nat'l Wildlife Fed'n v. United States*, 626 F.2d 917, 926 (D.C. Cir. 1980).

As noted above, none of the Plaintiffs can reasonably expect to be in a situation where the Morton Memo will be guiding DHS regarding parole. If the agency concludes that the purposes of Plaintiff Sadat I.'s parole has been served, section 1182(d)(5)(A) requires that "the alien *shall* forthwith return or be returned to the custody from which he was paroled…." 8 U.S.C.

§ 1182(d)(5)(A) (emphasis added). As to Plaintiff Aracely R., she would have to return to a port-of-entry following her removal and seek asylum once again.

For Plaintiff Mikailu J., he is in section 1231 detention. The only court with the power to evaluate the likelihood of success of that claim is the Court of Appeals. 8 U.S.C. § 1252(a)(2)(B)(ii). Moreover, Congress provided that a petition for review "does not prevent the [Secretary of Homeland Security], after a final order of removal has been issued, from detaining the alien under section § 1231(a)." 8 U.S.C. § 1252(b)(8). As to the next step – removal from the United States – agency regulations make clear that the "filing of (or intention to file) a petition . . . seeking review of the issuance or execution of [a removal order] ... shall not delay execution" of the removal order. 8 C.F.R. § 241.3.

Plaintiff Mikailu J. could return to section 1225(b) detention only if his removal proceedings were once again pending before the agency. The remote, hypothetical possibility that this could happen in some circumstances falls far short of a concrete, imminent injury sufficient to sustain the claims in the Third Amended Complaint.

### D. At Most, Plaintiffs Are Entitled to Individualized Determinations

The Courts' July 3 Order accomplished what it prescribed: on July 12, 2018, Defendants re-determined the request for parole by Plaintiff Mikailu J. in strict compliance with the Morton Memo. *See* Joint Status Report (ECF No. 94). The unavoidable consequence of the Courts' order, however, is that beginning when Plaintiff and counsel received notice of the agency's decision until August 17, 2018, when the BIA issued the final order of removal, Plaintiff Mikailu J.'s detention pursuant to section 1225(b) is presumed to be valid.

Plaintiffs Mikailu J. has been given an individualized re-determination of his parole. Plaintiffs nonetheless insist that Defendants have not "truly" exercised their discretion. *See*

7

Response in Opposition at 8. Plaintiffs' inability to distinguish between the underlying discretionary decision and the procedural requirements raise the possibility that there is no justiciable standard that matches Plaintiffs' characterization of the allegations in the complaint.

### E.  Plaintiffs' Alleged Harms are Not Redressable

Even if there were a plaintiff currently in section 1225(b) detention, the Third Amended Complaint fails to raise issues that are redressable by this Court. In their Response, Plaintiffs attempt, but fail, to identify an alleged harm that is not attributable to the denial of parole. *See* Response in Opposition at 29. The examples offered from the Third Amended Complaint once again emphasize the alleged deterrence policy resulting in "prolonged detention" and "eligibility for parole." *Id*. Because this Court does not have the statutory authority to alter discretionary decision on parole, the Complaint does not present issues that can be resolved in this litigation.

### II.  The Third Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiffs' constitutional due process claim should also be dismissed under Rule 12(b)(6). The Third Amended Complaint is based on violations of section 1225(b), yet no plaintiff is detained under that statute. To the extent Plaintiffs now seek relief from 1231 detention, Plaintiff Mikailu J.'s claim is premature under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("we think it practically necessary to recognize some presumptively reasonable period of detention"). He has been in post-final-order detention less than the requisite 6 months. *See id*.

Were there Plaintiffs in this lawsuit actually detained pursuant to section 1225(b), the Third Amended Complaint nonetheless fails to state a claim upon which relief can be granted. Congress provided parole pursuant to 8 U.S.C. § 1182(d)(5)(A) at the discretion of the Attorney General "for urgent humanitarian reasons or significant public benefit" as the exclusive vehicle for release from section 1225(b) detention. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 844

(2018). The Supreme Court held that 8 U.S.C. § 1225(b) unambiguously mandates detention through the pendency and conclusion of removal proceedings, regardless of their duration. Moreover, Congress provided that parole should be evaluated on a case-by-case basis. In terms of what the APA requires of the agency, the Third Amended Complaint does not describe a required agency action that was not undertaken.

### III. Venue is Improper Because Plaintiffs' Claims Sound in Habeas

Once again, Plaintiffs' briefing highlights the fact that they are not interested in the relief available under the APA. Instead, they emphasize the necessity of release from detention, revealing that the claims sound in habeas. Because 28 U.S.C. § 2241 limits venue to the district where Plaintiffs' custodian is located, venue in this district is improper.

### CONCLUSION

For the foregoing reasons, the Court should dismiss the Third Amended Complaint in its entirety.

\
\
\
\
\
\
\
\
\
\

Dated: September 6, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

EREZ REUVENI
Assistant Director

SHEETUL S. WALL
Trial Attorney

By: */S/ William M. Martin*
WILLIAM M. MARTIN
Trial Attorney
Pennsylvania Bar No. 84612

U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-2377
Facsimile: (202) 305-7000
William.Martin3@usdoj.gov
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2018, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

DATED:  September 6, 2018

By: */S/ William M. Martin*
WILLIAM M. MARTIN
Trial Attorney
United States Department of Justice
Civil Division
