UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARACELY R., *et al.*<br><br>    Plaintiffs,<br><br>    v.<br><br>KIRSTJEN NIELSEN, Secretary of Homeland Security, *et al.*,<br><br>    Defendants. | Civil Action No. 1:17-cv-1976-RC |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION TO AMEND AND JOIN PARTIES**

The present Plaintiffs – Mikailu J., Sadat I., and Aracely R. – were among the five original plaintiffs on the Complaint filed in September 2017. (ECF No. 1). In the three subsequent amended complaints, Plaintiffs did not seek to add other similarly situated plaintiffs. (ECF Nos. 7, 56, 73). The Plaintiffs now seek the Court's leave to file yet another amended complaint. (ECF No. 99). Because the claims are now moot, and the issued raised with regard to the new plaintiffs have already been decided as to the present Plaintiffs, the Court should deny Plaintiffs' motion.

**ARGUMENT**

Following this Court's July 3 Order (ECF Nos. 92, 93), denying Defendants' motion to transfer and granting, in part, Plaintiffs' request for a preliminary injunction, Plaintiffs' counsel informed the court that "Plaintiffs' counsel have been contacted by other detainees seeking to join this lawsuit and are currently considering adding additional plaintiffs and claims." *See* Joint Status Report at 3 (ECF No. 94).

Defendants filed a Motion to Dismiss (ECF No. 96) on August 10, 2018, arguing that the relief granted by the Court and other occurrences rendered the claims in the Third Amended Complaint moot. Concurrent with their Response in Opposition to Defendants' Motion to Dismiss (ECF No. 98, "Response in Opposition to MTD"), Plaintiffs filed a Motion to Join Parties and Amend Complaint (ECF No. 99, "Motion to Join").

The Motion to Join seeks to add certain arriving aliens who, according to Plaintiffs, "have all been denied release as a result of Defendants' deterrence policy and failure to comply with the Morton Directive giving rise to claims under the APA and Constitution." *See* Response in Opposition to MTD at 9. The proposed plaintiffs are all currently detained pursuant to 8 U.S.C. § 1225(b) and are eligible for consideration of parole pursuant to 8 U.S.C. § 1182(d)(5)(A). To the extent their parole denials are susceptible to judicial consideration, it will only be to determine whether the agency followed its own guidance found in the Morton Memo. *See* Memorandum Opinion at 45, 54, 67 (ECF No. 93).

Defendants oppose Plaintiffs' Motion to Join because there are no legal or factual issues that *will arise* in this litigation shared by the current plaintiffs and the three proposed plaintiffs. *See* FED. R. CIV. PRO. 20(a)(1)(B). No current plaintiff is detained under 8 U.S.C. § 1225(b) with a credible fear of persecution. Therefore, the procedural requirements of the Morton Memo simply will not apply to any live dispute between the current Plaintiffs and Defendants.

I.  **There is no Overlap Between the Current Plaintiffs Claims and the Proposed Plaintiffs**

In *Ghaly v. U.S. Dep't of Agric.,* the District Court considered simultaneously a motion to dismiss and a motion to join additional plaintiffs. 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002). Even though the proposed plaintiffs were subject to the same investigation by the same employer, the Court concluded joinder was inappropriate where "it was not clear their cases are

in the same procedural posture as the plaintiff's with regard to administrative exhaustion … and whether their rights are governed by any settlement agreements that are inapplicable to the present case." *Id.* at 292-93.[1] Here, the gap between current and proposed plaintiffs is even more pronounced.

Plaintiff Sadat I. was paroled by the agency. This parole will most likely end when a determination is made on his claim for asylum. If it ends prior to that determination, it will be because the agency has concluded that he no longer qualifies for parole pursuant to 8 U.S.C. § 1182(d)(5)(A). In the Reply in Support of the Motion to Dismiss, Defendants argued that the high degree of speculation necessary to conceive of the Morton Memo having an effect on Plaintiff Sadat I.'s custody had the effect of rendering his claim moot. *See* Reply in Support of Motion to Dismiss at 2, 5, 6 (ECF No. 100). The argument Defendants make with respect to Federal Rule of Civil Procedure 20 is similar, but the burden is higher for Plaintiffs – they must demonstrate these issues "will arise." FED. R. CIV. PRO. 20(a)(1)(B)

Plaintiff Aracely R. was issued a final order of removal and opted not to seek a petition for review. She is without a credible fear of persecution, and therefore the guidance contained in the Morton Memo does not apply to any future determination of parole.

Plaintiff Mikailu J. has also been given a final order of removal. He is now in the 90-day removal period required by 8 U.S.C. § 1231. The Court of Appeals for the Fifth Circuit has issued a stay of removal in connection with his petition for review, therefore, he will not be removed pending the decision by the Court of Appeals. During the 90-day removal period Plaintiff Mikailu J. must be detained. *See* 8 U.S.C. § 1231(a)(2). At the conclusion of the 90

---

[1] The Court also based its decision on the fact that joinder was inappropriate where the moving party was pro se. *See Ghaly*, 228 F. Supp. 2d at 292.

days, the agency will have the discretion to release Plaintiff Mikailu J. subject to supervision. *See* 8 U.S.C. § 1231(a)(3). This discretionary decision will not be guided by the Morton Memo.

There is simply no overlap in the circumstances of the present plaintiffs with the circumstances of the proposed plaintiffs that would provide this Court the opportunity to resolve a common question.

## II. No Judicial Economy or Efficiency

"Modern procedure favors the trial and disposition of similar cases together as a matter of court efficiency." *Nagler v. Admiral Corp.*, 248 F.2d 319, 328 (2d Cir. 1957). The Court of Appeals in *Nagler* noted that it is at a "preliminary stage" that joinder has its benefits. *Id*.

Here, Plaintiffs state without support that judicial economy and efficiency can be achieved by joining new plaintiffs at this stage of litigation. *See* Motion to Join Parties and Amend Complaint at 3 (ECF No. 99). While it may be attractive to the proposed plaintiffs to have decisions regarding venue, standing, and preliminary relief made in the shadow of this Court's July 3 Order, this is not the type of efficiency and economy contemplated by Rule 20. The issues decided by the Court as to the current Plaintiffs will need to be litigated again as to these plaintiffs, and in order for Rule 20 to apply, Plaintiffs must identify some issue that will arise.

## III. Defendants Would be Prejudiced by Joinder of these Plaintiffs

Were the proposed Plaintiffs to file a new complaint, they would not be permitted to argue for an offensive application of issue preclusion against Defendants as to issues this Court has decided. *See United States v. Mendoza*, 464 U.S. 154, 158 (1984) ("[W]e agree with the government that … nonmutual offensive collateral estoppel is not to be extended to the United States."). The harm to the government is summarized by Wright & Miller:

> The government is party to a far greater number of cases than any other litigant. Government litigation often involves issues of great public importance. Preclusion might often freeze development of the law with the first ruling; one consequence would be that the Court could not rely on its frequent practice of deferring review until a number of circuits had had the opportunity to agree or disagree on the issue. The Solicitor General likewise would have to change the process of deciding whether to appeal, so as to avoid preclusion. Successive administrations, moreover, may legitimately adopt different views on public issues of law, and ought not be controlled by the preclusion consequences of judgments accepted by earlier administrations.

18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4465.4 (2d ed. 2018). By seeking to join plaintiffs to litigation where significant issues have been decided by the court and relief has been granted, Plaintiffs are seeking to implement de facto offensive non-mutual issue preclusion.

### IV. Because Plaintiffs' Claims Are Moot There is No Authority to Prolong this Lawsuit

Defendants have argued in the briefing concurrent to this motion that Plaintiffs' claims articulated in the Third Amended Complaint are now moot. *See generally,* Motion to Dismiss; Reply in Support of the Motion to Dismiss. In this posture, new claims and plaintiffs cannot breathe a live controversy into the case.

#### A. Plaintiffs Have no Standing as to Issues Raised in the Third Amended Complaint

Claims that *Zadvydas* hearings might be required for those detained under 8 U.S.C. § 1231 were not alleged in any of the complaints, and this Court held it was "beyond the scope of the Court's ability to grant relief…." *See* Memorandum Opinion at 41 n.17 (ECF No. 93). Now that the Plaintiffs appearing on the Third Amended Complaint have either been paroled or are detained pursuant to section 1231, the claims alleged in that complaint are moot. *See* Defendant's Memorandum in Support of Motion to Dismiss (ECF No. 96-1), and Reply in Support of Motion to Dismiss (ECF No. 100).

### B. Plaintiffs have no Interest in Issues Raised by New Plaintiffs

Federal Rule of Civil Procedure 20(a)(1)(B) requires that where a plaintiff seeks to join parties as plaintiffs in a single action, there must be a "question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. Pro. 20(a)(1)(B). Plaintiffs nevertheless urges this Court to act beyond what the Rule allows by granting its motion to amend the Complaint.

As Defendants have argued in connection with the Motion to Dismiss (ECF No. 96), Plaintiffs claims in the Third Amended Complaint are now moot. First, Plaintiff Mikailu J. received the relief requested – a parole redetermination pursuant to the Morton Memo. *See* Joint Status Report at 1-2 (ECF No. 94); *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (claim is moot when plaintiffs "have obtained all the relief that they sought" (internal quotation marks omitted)); *see Friends of Animals v. Pruitt*, 258 F. Supp. 3d 91, 94 (D.D.C. 2017). Second, now that Plaintiffs Mikailu J. and Aracely R. have administratively final orders of removal and Plaintiff Sadat I. has been granted parole, no current plaintiff is presently detained pursuant to 8 U.S.C. § 1225(b). As soon as Plaintiffs ceased to be detained pursuant to section 1225, the only claim alleged in the Complaint—that parole pursuant to 8 U.S.C. § 1182(d)(5)(A) was unlawfully withheld—became moot.

### V. Plaintiff Mikailu J. Has No Claim Under *Zadvydas*

After a first amended complaint has been filed, Federal Rule of Civil Procedure 15 requires leave of Court for subsequent amendments when the opposing party does not consent. FED. R. CIV. PRO. 15(a)(2). "[L]eave to amend should be freely given unless there is a good reason . . . to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). Here, the best of all reasons for denial exists: This Court currently lacks jurisdiction over this action. The effect of the proposed amendment is not to allege facts relevant to existing jurisdiction of this Court, but to attempt to create jurisdiction where none currently exists.

Plaintiff Mikailu J. is currently in the removal period prescribed by 8 U.S.C. § 1231. The Proposed Fourth Amended Complaint adds the allegation that the unwritten policy is applied to decisions pursuant to section 1231 as well, but it is only in two conclusory statements. *See* Proposed Fourth Amended Complaint at ¶¶ 53, 86J (ECF No. 99-1) ("This policy has also been applied to persons in post removal proceedings under 8 USC § 1231."; "Plaintiff Mikailu J. will suffer further from Defendants' policy of utilizing the deterrence factor, because Defendants' policy extends to the post removal regulations under 8 U.S.C. § 1231 and 8 C.F.R. 241.4.").

To the extent Plaintiffs ask the Court to amend the complaint to permit this new claim for Plaintiff Mikailu J., there is no claim even as amended. He is lawfully detained pursuant to 8 USC § 1231. *See Zadvydas v. Davis,* 533 U.S. 678, 701 (2001) (concluding that there is a period of presumptively valid detention at the outset of the removal period). "A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

## CONCLUSION

Because there are no issues of fact or law that are common to the current plaintiffs and the prospective plaintiffs, this Court should deny Plaintiffs' motion. As a response to the occurrence of mootness, Plaintiffs' motion is too late. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). This Court should therefore deny Plaintiff's motion to join plaintiffs and amend the Complaint.

Dated: September 13, 2018            Respectfully submitted,

JOSEPH H. HUNT
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

EREZ REUVENI
Assistant Director

SHEETUL S. WALL
Trial Attorney

By: _/S/ William M. Martin_
WILLIAM M. MARTIN
Trial Attorney
Pennsylvania Bar No. 84612

U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-2377
Facsimile: (202) 305-7000
William.Martin3@usdoj.gov
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2018, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

DATED:  September 13, 2018

By: */S/ William M. Martin*
WILLIAM M. MARTIN
Trial Attorney
United States Department of Justice
Civil Division