UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SADAT I.., et al. <br><br> *Plaintiffs*, <br><br> v. <br><br> KIRSTJEN NIELSEN, Secretary of Homeland Security, et al., <br><br> *Defendants*. | Civil Action No. 1:17-cv-1976-RC |

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO AMEND AND JOIN PARTIES**

Plaintiffs file the following reply to Defendants' Response in Opposition to Plaintiffs' Motion to Amend and Join Parties. ECF Dkt. 101.

1. ***The cases of Plaintiff Mikailu J. and Sadat I. are not moot.***

As discussed in detail in the Plaintiffs' *Reply to the Defendants' Motion to Dismiss*, the cases of Plaintiffs Mikailu J. and Sadat I. are in no way moot. *See* ECF Dkt. 98, at 9-16. Plaintiff Sadat I. has been released on parole, but the Defendants can re-detain him at any time, and subject him to the same unlawful deterrence considerations. After issuance of the Preliminary Injunction, Plaintiff Mikailu J. was denied parole yet again in violation of the Morton Directive, and for pretextual reasons rooted in deterrence. He has the right to full discovery on this issue. Moreover, although he is temporarily subject to the provisions of 8 U.S.C. § 1231 while his case is on appeal, it should soon be remanded, making the Morton Directive again applicable.

Though the Preliminary Injunction was limited to the Morton Directive issues, Plaintiffs have long included claims of unlawful deterrence in similar release provisions, such as post removal

1

detainees like Mikailu J. *See* ECF Dkt. 73, at 3 n.1, 10-11, 12-13 (noting that parole refers to both pre- and post-removal order parole and describing development of policies aimed at deterring immigration). They have the right to full discovery and trial on the merits of those claims. Defendants simply have no basis for their mootness argument.

2. *There is no issue preclusion question here.*

Although this Court has found that the Plaintiffs are likely to prevail on their APA claim, there is no final judgment on any of the factual or legal issues arising in this case. Accordingly, there is no issue preclusion.

3. *The requirements for permissive joinder under Fed. R. Civ. P. 20(a) are met.*

The requirements for permissive joinder under FED. R. CIV. P. 20(a) are construed liberally to promote convenience and expedite the resolution of parties' claims. *See Parks v. District of Columbia*, 275 F.R.D. 17, 18 (D.D.C. 2011). Individuals may join in this suit if (1) they assert a right to relief arising out of the same transaction or series of transactions and (2) any question of law or fact common to all plaintiffs will arise in the action. FED. R. CIV. P. 20(a).

The first prong of the permissive joinder test is satisfied where individuals assert claims that are "logically related." *Maverick Entertainment Group, Inc. v. Does 1-2,* 115, 810 F.Supp.2d 1, 12 (D.D.C. 2011). Courts seek the "broadest possible scope of action" in applying this test. *Lane v. Tschetter*, No. 05-1414, 2007 WL 2007493 at *7 (D.D.C. July 10, 2007) (quoting *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 724 (1966)). The individuals seeking to join this suit are, like Plaintiffs, asylum seekers who presented themselves at a port of entry and have requested parole under 8 U.S.C. § 1182(d)(5). They allege that Defendants' ongoing unwritten policy of considering immigration deterrence during the parole process was the moving force behind the denial of parole in their cases. These individuals' claims challenging Defendants'

concerted action easily satisfies the first prong of permissive joinder. *See Alexander v. Edgewood Management Corporation*, 321 F.R.D. 460, 462 (D.D.C. 2017) ("[C]ourts consistently deny motions to severe where [the] plaintiffs allege that [the] defendants have engaged in a common scheme or pattern of behavior.").

The second prong of Rule 20(a) requires only some common question of law or fact as to the proposed plaintiffs' claims. The existence of Defendants' unwritten policy of considering immigration deterrence during the parole process is a common issue of fact that will arise in the litigation of each individual's claims. *See e.g. Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 16 (D.D.C. 2004) ("[A]lleged company wide pattern of discrimination" satisfied prongs of Rule 20.); *see also U.S. v. Mississippi*, 380 U.S. 128, 142-43 (1965) (allegations of statewide enforcement of voter registration laws to disenfranchise minority voters provided common fact issue for permissive joinder of defendants); *see also Resnick v. American Dental Ass'n*, 90 F.R.D. 530, 535 (N.D. Ill. 1981) (Defendant's alleged policy of sex discrimination provided common facts for plaintiffs who worked in different departments and alleged different discriminatory conduct.). Additionally, Defendants' compliance with the Morton Directive and whether they engaged in arbitrary and capricious agency action are common legal issues for all proposed plaintiffs.

Defendants focus their arguments on whether common questions of law or fact "will arise" and rely substantially on the argument raised in their motion to dismiss that Plaintiffs' claims are moot. *See* ECF Dkt. 101, at 2-4, 5-6. For example, Defendants argue that Plaintiffs must meet a new "higher" burden to join additional parties. *Id*. at 3. This impermissibly conflates the questions of mootness and joinder. *Defendants* must prove that it is "*absolutely* clear" that the wrongful behavior cannot reasonably be expected to recur to avoid application of the

voluntary cessation exception to mootness. ECF Dkt. 98, at 9-10, 13-16. So long as they are unable to do so, Plaintiff Sadat I.'s and Mikailu J.'s claims are not moot and their participation in this litigation can proceed. Plaintiffs' claims are also live and capable of resolution because they seek relief against a widespread government policy. *See Id*. 10-13. The fact that Plaintiffs Sadat I. and Mikailu J. are not currently detained under 8 U.S.C. § 1225 does not prevent joinder of additional parties. *See, e.g., Jean v. Meissner*, 90 F.R.D. 658, 661-62 (S.D. Fla. 1981) (joinder of additional plaintiffs challenging discriminatory exclusion policies was proper where initial plaintiffs had already been subject to some of the challenged policies).

4. ***Judicial efficiency is served by joining additional plaintiffs and Defendants will not be prejudiced by joinder.***

Joinder of parties and claims is "strongly encouraged" to promote trial convenience and expedite the resolution of lawsuits. *See Disparte*, 23 F.R.D. at 10. Judicial efficiency is served by the addition of the proposed plaintiffs in this case. Combining the proposed plaintiffs' claims along with current Plaintiffs' claims in one suit, as opposed to prosecuting each claim separately, will permit quicker and less expensive discovery as well as the resolution of common issues of law in one case. Moreover, the Court retains discretion to sever parties whose claims should be tried in separate actions after completion of discovery. *See* Fed. R. Civ. P. 20(b), 21; *see also Donkeyball Movie, LLC v. Does*, 810 F.Supp.2d 20, 27 (D.D.C. 2011) (noting that defendants could request severance before trial if a consolidated trial proved prejudicial).

Defendants are not prejudiced by the addition of parties because Plaintiffs do not seek to utilize offensive non-mutual issue preclusion, as Defendants suggest. ECF Dkt. 101, at 4-5. Defendants are free to raise the same arguments regarding the appropriate venue, standing, and other jurisdictional issues against any new parties. To avoid multiple, duplicative motions Plaintiffs propose a deadline of January 1, 2019, during which they may evaluate additional

parties who have contact Plaintiffs' counsel about joining this case and seek leave to join additional parties. *See* ECF Dkt. 99, at 3, ¶10.

## CONCLUSION

The Court retains jurisdiction of this case because Plaintiffs' claims are not moot. They seek declaratory and injunctive relief against a widespread policy and Defendants have not met their heavy burden of showing that the challenged conduct cannot reasonably be expected to occur again. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (Burden of persuading the court that challenged conduct cannot reasonably be expected to occur again "lies with the party asserting mootness."). This litigation proceeds and Plaintiffs easily meet the formal and prudential requirements of Rule 20(a) for permissive joinder of parties. This Court should grant Plaintiffs' motion to amend their complaint.

Respectfully submitted,

*/S/ Jennifer K. Harbury*
Jennifer K. Harbury
Attorney in Charge
D.D.C. Bar No. TX0022
TEXAS BAR NO. 08946500
TEXAS RIO GRANDE LEGAL AID, INC.
301 S. Texas Ave.
Mercedes, Texas 78750
Telephone: (956) 447-4800
Email: JHarbury@trla.org

Peter McGraw
Texas Bar No. 24081036
TEXAS RIOGRANDE LEGAL AID, INC.
1206 East Van Buren St.
Brownsville, Texas 78520
Phone: (956) 982-5543
Fax: (956) 541-1410
Email: pmcgraw@trla.org
*Admitted pro hac vice*

**Certificate of Service**:

      I Jennifer Harbury, attorney at law, certify that attorneys for Plaintiffs have served a true and correct copy of this Motion to Join and to Amend upon counsel for the Defendants by filing it through this court's electronic filing system on September 20, 2018.

                                             */S/Jennifer Harbury*
                                             Attorney at Law.